UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

v.

EDWARD F. PANOS,

                Defendant,

and

ALLISON G. PANOS,

                Relief Defendant.

Civ. No. 16-CV-02473-TFH

TFH [PROPOSED] **FINAL JUDGMENT AS TO DEFENDANT EDWARD F. PANOS**

The Securities and Exchange Commission having filed a Complaint and Edward F. Panos ("Panos") having entered a general appearance; consented to the Court's jurisdiction over Panos and the subject matter of this action and waived any objection to venue; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**PERMANENT INJUNCTION**

A.    **Section 10(b) and Rule 10b-5 of the Securities Act**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Panos is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities

Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Panos' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Panos or with anyone described in (a).

**B.**     <u>**Section 17(a) of the Securities Act**</u>

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Panos is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

2

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Panos' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Panos or with anyone described in (a).

C.  **Section 5 of the Securities Act**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Panos is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has

been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Panos' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Panos or with anyone described in (a).

### D.   Section 13(g) of the Exchange Act and Rule 13d-1

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Panos is permanently restrained and enjoined from violating Section 13(g) of the Exchange Act [15 U.S.C. § 78m(g)] and Rule 13d-1 [17 C.F.R. § 240.13d-1] promulgated thereunder, by:

> (a)   failing to file with the Commission a statement containing the information required by Schedule 13G (as provided in 17 C.F.R. § 240.13d-102), within 45 days after the end of the calendar year in which he was or became directly or indirectly the beneficial owner of more than five percent of any equity security of a class which is specified in Exchange Act Rule 13d-1(i) [17 C.F.R. § 240.13d-1(i)]; or

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Panos'

4

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Panos or with anyone described in (a).

### E. <u>Section 20(b) of the Exchange Act</u>

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Panos is permanently restrained and enjoined from violating Section 20(b) of the Exchange Act [15 U.S.C. § 78t(b)] by directly or indirectly, through or by means of any other person, doing any act or thing which would be unlawful for Panos to do under the Exchange Act or any rule or regulation thereunder.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Panos' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Panos or with anyone described in (a).

## II.

## OFFICER AND DIRECTOR BAR

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] [and/or Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)]], Panos is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## III.

## PENNY STOCK BAR

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Panos is prohibited from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Panos is prohibited from causing or deriving any compensation from the promotion, advertising, endorsing, or marketing of any issuer of any penny stock.

## VI.

## DISGORGEMENT, PREJUDMENT INTEREST, AND CIVIL PENALTY

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Panos is liable for disgorgement of $1,437,503, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $345,000, and a civil penalty in the amount of $1,437,503 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Panos shall satisfy this obligation by paying $3,220,006 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Panos may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly

from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Panos may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Panos' name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Panos shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Panos relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Panos. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment]. Panos shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VII.

### INCORPORATION OF CONSENT

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Panos shall comply with all of the undertakings and agreements set forth therein.

VIII.

**BANKRUPTCY NONDISCHARGEABILITY**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Panos, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Panos under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Panos of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

IX.

**RETENTION OF JURISDICTION**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

**RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _December 21_, 2016

_____
UNITED STATES DISTRICT JUDGE