UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>Plaintiff,<br><br>vs.<br><br>**EDWARD F. PANOS,**<br><br>Defendant, and<br><br>**BANK OF AMERICA, N.A., and its successors or assigns,**<br><br>Garnishee. | Case No. 1:16-cv-2473-TFH |

### APPLICATION FOR POST-JUDGMENT
### WRITS OF GARNISHMENT TO BANK OF AMERICA, N.A.

The Judgment Creditor, the Securities and Exchange Commission ("Commission"), makes this application pursuant to Rule 69(a) of the Rules of Civil Procedure and the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3205, and hereby requests the issuance of continuing writs of garnishment directed to: BANK OF AMERICA, N.A.

Based on information and belief, the SEC believes that the Garnishee has possession, custody or control of property in which Defendant Edward F. Panos, directly or indirectly, has a substantial non-exempt interest.[1]

In support of its application, the SEC would show the Court as follows:

---

[1] Defendant Edward F. Panos has a direct or indirect interest in the following entities: Powder Capital, LLC, Park City Capital LLC, Manado Gold Corp., Insuraguest Technologies, Inc., 4661 McKinney, LLC, and LSGSP Family Trust.

1. The Judgment ordered Edward F. Panos, to pay $1,782,503 in disgorgement and prejudgment interest, and also ordered a civil penalty of $1,437,503 ("Judgment").

2. The Commission seeks two writs because disgorgement judgments and penalty judgments are enforced differently. The disgorgement portion of the Judgment is enforced through state law practice under Rule 69(a) of the Federal Rules of Civil Procedure. A civil money penalty is a "debt" within the definition of the Federal Debt Collection Procedure Act ("FDCPA") 28 U.S.C. §3001 *et seq*. The FDCPA provides the exclusive civil procedure for the collection of a debt owing to the United States or its agencies such as the Commission. Accordingly, the Commission seeks a writ of garnishment pursuant to 28 U.S.C. § 3205 to enforce the penalty portion of the judgment and a writ of execution pursuant to Rule 69 to enforce the disgorgement portion of the judgment.

3. Defendant Edward F. Panos, currently resides in Park City, Utah.[2]

4. Defendant's TIN:            xxx-xx-8866

5. Penalty Judgment Amount

    | | |
    |---|---|
    | Civil Penalty: | $1,437,503 |
    | Payments: | $0 |
    | Amount of Post-Judgment Interest on penalty accrued as of November 16, 2021: | $63,881.87 (per diem of $36.32) |
    | Surcharge Under § 3011: | $0 |
    | Total Amount Still Owing On the Penalty as of November 16, 2021: | $1,501,384.87 |

6. Disgorgement Judgment

    | | |
    |---|---|
    | Disgorgement (and prejudgment interest): | $1,782,503 |
    | Payments: | $0 |
    | Amount of Post-Judgment Interest on Disgorgement accrued as of November 16, 2021: | $79,213.49 (per diem of $45.03) |
    | Total Amount Still Owing | |

---

[2] Edward F. Panos' social security number and full mailing address are being withheld from this filing for privacy reasons. However, the SEC will provide the social security number and address to the Garnishee.

On Disgorgement as of November 16, 2021: $1,861,716.49

More than 30 days prior to this Application, the SEC made demand on Defendant for the total amount still owing. Despite this demand, Defendant has not paid the amount still owing.

Dated: November 17, 2021.

By: s/Christy J. White
Christy J. White
Assistant Chief Litigation Counsel
Division of Enforcement
United States Securities and Exchange Commission
100 F Street, NE
Mail Stop 5628
Washington, DC 20549
whitechr@sec.gov
Telephone: (202) 551-4502